MILTON M. SUMI, Plaintiff-Appellee,
v.
LESTER D.K. CHOW, Defendant-Appellant.
No. 27886.
Intermediate Court of Appeals of Hawaii.
April 4, 2007.
On the brief:
Lester D.K. Chow, Pro Se Defendant-Appellant.

SUMMARY DISPOSITION ORDER
BURNS, C.J., LIM and FOLEY, JJ.
Defendant-Appellant Lester D.K. Chow (Chow) appeals from the February 17, 2006 Order Granting Petition for Injunction Against Harassment (February 17, 2006 Order) and the April 25, 2006 Order denying Chow's motion to set aside the February 17, 2006 Order. Both orders were entered in the District Court of the First Circuit, Honolulu Division.[1]
Plaintiff-Appellee Milton M. Sumi (Sumi) lives across the street from Chow. This case began when Sumi observed Chow searching around Sumi's home with a flashlight. According to Sumi's petition for a temporary restraining order (TRO), the Honolulu Police Department had received calls from Chow claiming Sumi had listening and seeing devices that allowed Sumi to spy on Chow. Documented within the TRO petition are a number of instances where Chow, or apparent third parties on behalf of Chow, have harassed Sumi and his mother at their home. At one point, Sumi found Chow in Sumi's home, uninvited, while Sumi was having an Independence Day family gathering. Chow refused to leave when asked, and a verbal argument commenced. One of Sumi's nephews finally escorted Chow back to his own home.
Chow asserts that he is "an international celebrity" who, "[a]fficially by China's history, [is] China's current succession emperor[.]" He further asserts that he is "employed as a business consultant or political negotiator" and his "firm had successfully negotiated the withdrawal of Iraq's troops from Kuwait" but "[t]his is a matter that was quietly turned down by the Bush administration and our nation went to war."
On December 27, 2005, pursuant to Hawaii Revised Statutes § 604-10.5 (Supp. 2005),[2] Sumi filed a Petition for Ex Parte Temporary Restraining Order and for Injunction Against Harassment against Chow. On that same day, the court entered the requested Temporary Restraining Order Against Harassment. February 17, 2006, after an evidentiary hearing, the court found clear and convincing evidence of Chow's harassment of Sumi and entered the February 17, 2006 Order which, for a period of one year, restrained and enjoined Chow, and any other person acting on behalf of Chow from:
A. Contacting, threatening or harassing [Sumi]. .
B. Contacting, threatening or harassing any person(s) residing at [Sumi's] residence.
c. Entering and/or visiting [Sumi's] residence, including yard and garage, and/or place of [Sumi's] employment.
On February 28, 2006, Chow filed a motion to set aside the February 17, 2006 Order. This motion was heard and orally denied on March 14, 2006.
On March 20, 2006, Chow filed a notice of appeal.
On April 25, 2006, the court entered the written order denying Chow's February 28, 2006 motion to set aside the February 17, 2006 Order and, at Chow's request, entered findings of fact and conclusions of law.
In the Opening Brief filed on July 28, 2006, Chow does not challenge any particular finding of fact. Rather, he contends that the February 17, 2006 Order is "based on insufficient or non-existing evidence" and that the trial court reversibly erred when it believed Sumi rather than Chow. Sumi did not file an answering brief.
The relevant transcripts were filed on March 8, 2007. The Hawaii Supreme Court has stated:
". . . [I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Jenkins, 93 Hawai`i 87, 101, 997 P.2d 13, 27 (2000) (citations and internal quotation signals omitted) (brackets in original); see also LeMay v. Leander, 92 Hawai`i 614, 626, 994 P.2d 546, 558 (2000) ("This court has long observed that it is within the province of the trier of fact to weigh the evidence and to assess the credibility of witnesses, and this court will refrain from interfering in those determinations.") (Citation omitted.).
In re Doe, 95 Hawai`i 183, 190, 20 P.3d 616, 623 (2001).
In accordance with Hawaii Rules of Appellate Procedure Rule 35, and after carefully reviewing the record and the briefs, and duly considering and applying the law relevant to the issues raised and arguments presented, we affirm the February 17, 2006 Order Granting Petition for Injunction Against Harassment and the April 25, 2006 order denying Chow's motion to set it aside.
NOTES
[1] Judge Faye M. Koyanagi presided.
[2] According to Hawaii Revised Statutes § 604-10.5(a)(2), the pertinent definition of "harassment" is:

An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.
Furthermore, paragraph (f) states, in relevant part:
The parties named in the petition may file or give oral responses explaining, excusing, justifying, or denying the alleged act or acts of harassment. The court shall receive all evidence that is relevant at the hearing, and may make independent inquiry.
If the court finds by clear and convincing evidence that harassment as defined in paragraph . . . (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner; provided that this paragraph shall not prohibit the court from issuing other injunctions against the named parties even if the time to which the injunction applies exceeds a total of three years.